UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARTIN XAVIER MORA, | Case No. 2:24-cv-01071-RFB-MDC |
| Plaintiff, | **ORDER** |
| v. | |
| C. CHESTNUT, et al., | |
| Defendants. | |

### I.  INTRODUCTION

Plaintiff Martin Mora brings this civil-rights action to redress constitutional violations that he allegedly suffered while he was housed at Nevada Southern Detention Center. (ECF No. 1-1). On June 17, 2024, the Court ordered Mora to either pay the full $405 filing fee or file an application to proceed in forma pauperis by August 16, 2024. (ECF No. 2). That deadline expired and Mora has not paid the fee, applied for in forma pauperis status, moved to extend the deadline, or otherwise responded. And Mora's mail from the Court has been returned as undeliverable. (ECF Nos. 4, 5).

### II.  DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In

determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Mora's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this Court cannot operate without collecting reasonable fees from litigants and this action cannot realistically proceed without Mora's compliance with the Court's orders, the only alternative to dismissal is entering a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception. And without an updated address for Mora, the likelihood that the second order would even reach him is low. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

### III. CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. **IT IS THEREFORE ORDERED** that this action is **DISMISSED without prejudice** based on Martin Mora's failure to pay the filing fee or apply for in forma pauperis status in compliance with this Court's June 17, 2024, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Mora wishes to pursue his claims, he must file a complaint in a new case and either pay the required filing fee or apply for in forma pauperis status.

**IT IS FURTHER ORDERED** that the Plaintiff may move to reopen this case and vacate the judgment by filing a motion for reconsideration of this order. In this motion, the Plaintiff would need to explain the circumstances which led to him not being able to pay the filing fee or apply for in forma pauperis status as directed by the Court. If the Court finds there is good cause or a reasonable explanation for the failure to file in accordance with the Court's guidelines, the Court will reopen the case and vacate the judgment.

**DATED:** March 11, 2025

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**